CARLOS COLÓN CALIXTO, ETC., Plaintiff and Appellee, v. FRANCISCO MENDOZA and PORTO RICAN & AMERICAN INSURANCE COMPANY, Defendants and the former Appellant.

No. 12455. Decided August 4, 1961.

*Lionel Fernández Méndez* and *Guillermo Cintrón Ayuso* for appellee. *Víctor M. Pons* for appellant.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

PER CURIAM.

In connection with an accident occurred in the town of Cayey on December 12, 1953, the Superior Court, Guayama Part, made the following findings of fact:

"1. The minor plaintiff Carlos Colón Calixto who, at the time of the accident on December 12, 1953 and which shall be described hereinafter, was 11 years and odd months old, appeared in this action represented by his mother, Laureana Calixto, with patria potestas over him.

"2. Around 2:00 p.m. of the said date Juan Cancio Mendoza was driving a 'pick-up Ford, license C71-754, 1948 model, from north to south along a section of Narciso Vázquez Street of the ward San Tomás of Cayey, which is an urban zone, loaded with twenty (20) hundredweights of merchandise, which vehicle was the property of defendant Francisco Mendoza for whom his brother, the said driver Juan Cancio Mendoza, was working as agent then and there within the scope of his said employment.

"3. That section of the street, which was quite steep, was wide enough for two vehicles such as that of the defendant to travel in opposite direction without difficulty.

"4. A panel-delivery wagon was parked well to the left, near the end of the hill, in the same direction from north to south in which defendant's vehicle was traveling uphill.

"5. Minor Carlos Colón Calixto came out from the left sidewalk by the front of the standing wagon and about one and

one half feet from it, in order to cross the street; he stopped in the very middle to look down the street, and just as he was to start he was hit by the left front side of the 'pick-up' Ford which was traveling uphill at 15 or 20 miles per hour without sounding any alarm or applying the brakes.

"6. When the accident occurred there were adults traveling on that section of the street and children playing on the sidewalk of both sides, and there was a public school about eight or ten houses away in front of the place of the occurrence."

The injured minor was awarded $5,000 compensation and the defendant was ordered to pay the costs and $500 for attorney's fees. Appeal was taken from this judgment.

The first and second errors—in holding that the accident was due to the negligence of the defendant's employee and that the minor plaintiff was not negligent—involve a mixed question of weighing of evidence and determination of the applicable rule of law. We have examined the transcript of evidence from which it clearly appears that the findings of the trial court on the manner the accident occurred are supported by the evidence, and that there does not exist any of the circumstances which would warrant this Court's interference with the weighing by the trier of the conflicting evidence. *Valderrama* v. *Lacén, ante*, p. 59; *Castro* v. *Meléndez*, 82 P.R.R. 556 (1961), and cases cited in the first three footnotes. Despite the great effort made by appellant's attorney in the brief submitted to this Court, it is clear that the trial court acted correctly in holding the defendant liable on the basis of its findings of fact. *Quiñones* v. *Hernández, ante*, p. 206; *Alamo* v. *García*, 76 P.R.R. 598 (1954); *Alvarez* v. *Hernández*, 74 P.R.R. 460 (1953); *Díaz* v. *Stuckert Motor Co.*, 74 P.R.R. 486 (1953); *Figueroa* v. *Picó*, 69 P.R.R. 372 (1948). This case is a vivid example of the advancement in our case law of the test of foreseeability as index of civil liability. *Cf.* 2 Harper and James, The Law of Torts 1134 *et seq.*, § 20.5 (1956).

The errors challenging the award of damages in the sum of $5,000 and attorney's fees do not merit serious consideration.

The judgment rendered by the Superior Court, Guayama Part, on September 12, 1957, will be affirmed.